**Inocencia L. ELARDE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.**

No. 90–1459.

United States Court of Veterans Appeals.

Submitted July 1, 1991.

Decided Aug. 28, 1991.

---

Inocencia L. Elarde, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and David W. Engel, Washington, D.C., were on the brief, for appellee.

Before MANKIN, Associate Judge.

## MEMORANDUM DECISION

MANKIN, Associate Judge:

Appellant, Inocencia L. Elarde, is the widow of Dionisio Elarde. R. at 9. Mr. Elarde entered service in 1946 (R. at 11) and was discharged as a private from the [New] Philippine Scouts in April of 1949. R. at 8; *see also* 38 C.F.R. § 3.8(b) (all enlistments of Philippine Scouts between October 6, 1945, and June 30, 1947, were into the [New] Philippine Scouts); *see generally Quiban v. Veterans Admin.*, 928 F.2d 1154, 1157–58 (D.C.Cir.1991). Mr. Elarde died in 1966. R. at 9. Appellant filed her claim for burial benefits in 1989. Based upon these facts the Board of Veterans' Appeals (BVA) found that: "The serviceman did not have qualifying service for the appellant to receive burial benefits." *Inocencia Elarde*, BVA [not available] (Aug. 13, 1990). The Court affirms.

Among other limitations, the payment of burial expenses is limited to the burial of deceased *veterans.* 38 U.S.C. § 902 (1988); 38 C.F.R. § 3.1600 (1990). "The term 'veteran' means a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C. § 101(2) (1988).

Title 38 United States Code, section 107(b) (1988), states in part:

Service in the [New] Philippine Scouts ... *shall not be deemed to have been active military, naval, or air service* for the purposes of any of the laws administered by the [Department of Veterans Affairs] [with exceptions not applicable].

(Emphasis added). The constitutionality of § 107(b) was recently sustained. *See Quiban.* While the Court is not bound by the determination of the District of Columbia Circuit, the Court has been offered no basis to question the conclusion reached in *Quiban.*

After consideration of the supporting memoranda and review of the record, it is the holding of the Court that appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly 3007(b)). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990).

Summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

The decision of the BVA is summarily AFFIRMED.